No. 13-1816

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | **Reply To Appellant's Opposition** |
| v. | ) | **To United States' Motion For A** |
| | ) | **Word Limit Extension And Stay of** |
| ANDREW AUERNHEIMER, | ) | **Briefing Schedule** |
| Appellant | ) | |

Marcia M. Waldron, Clerk
United States Court of Appeals
 for the Third Circuit
U.S. Courthouse
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

Dear Ms. Waldron and Counsel:

    The United States submits this letter in opposition to Appellant's Motion To Reject Appellee's Brief.

    1.  On August 5, 2013, the Government filed a motion requesting that it be permitted to file a brief not exceeding 26,500 words, and requesting an extension of time until September 20, 2013, within which to file its brief.  That motion was not ruled upon prior to the Government's submission of its brief on September 20, 2013.  The brief the Government submitted for filing contains 26,495 words.

    2.  The Government's original request for 26,500 was based on a formula, which gave the Government 14,000 words, plus an additional 12,500, which was

one-half of the more than 25,000 words used by the four *amici* who filed briefs in support of Auernheimer.

3.  The Government disagrees with one factual assertion in Appellee's motion to strike the Goverment's brief.  Appellee has stated that "despite urging the Court to grant it additional space to address the arguments of *amici*, it actually devotes only 11 of the 118 substantive pages in the brief to the arguments raised by *amici*."  Motion at ¶ 9.  That is not accurate.  Appellee is referring to the final 12 pages of the Government's brief, which address only those issues argued by *amici* that the Government suggests are not properly before this Court.  The Government chose to address those issues briefly in case this Court disagrees.  But the *amici* also addressed, at substantial length, issues that are properly before this Court, and which the Government addressed throughout the remaining 106 pages of its brief.

4.  For example, the NACDL spent a significant portion of its *amicus* brief discussing venue, an issue that is properly before this Court.  The Government, in its response, has an extensive discussion of venue which addresses the arguments advanced by both Auernheimer and the NACDL.  Indeed, the Government's argument section goes further and discusses what it believes to be a particularly significant precedent from this Circuit which was not discussed by either Auernheimer or the NACDL.  Doubtless that contention and venue in general will be further explored in Auernheimer's reply brief.

5. Most of the *amicus* briefs discuss various aspects of the CFAA that are directly relevant to the CFAA issues raised by Auerheimer, and which are properl before this Court. References to *amici's* various arguments are made throughout the remaining 106 pages of the Government's brief. It is simply incorrect to assert that *amici's* arguments are addressed in only the last 11 or 12 pages of the Government's brief.

6. In light of the extensive briefing filed by *amici* on behalf of Auernheimer, it is entirely appropriate for the Government's brief to exceed the 14,000 words submitted by Auernheimer alone. The Government did not request a word for word addition based on the *amicus* briefs filed on Auerheimer's behalf, but instead requested only one-half of the words filed by *amici* in support of Auernheimer's arguments. In the end, the Government nevertheless was forced to cut substantial portions of its draft brief in order to fit within the 26,500 words requested a month ago.

7. It is the Government's considered judgment that the brief as submitted will be helpful to the Court in addressing the issues raised by Auernheimer, as further developed by the *amici*. The Government requests that this Court accept the brief as submitted. The Government has no objection to Auerheimer's request that he be allowed to file a reply brief containing 13,300 words.

                                Respectfully submitted,

                                PAUL J. FISHMAN
                                United States Attorney


                                <u>s/ *Glenn J. Moramarco*</u>
                  By:   GLENN J. MORAMARCO
                                Assistant United States Attorney

Dated: September 24, 2013

## CERTIFICATION OF SERVICE

      I hereby certify that on **September 24, 2013**, I caused the attached motion to be filed with the Clerk of the United States Court of Appeals for the Third Circuit and served on the relevant parties via the Court's ECF filing system.

                                  /s/ *Glenn J. Moramarco*
                                  GLENN J. MORAMARCO

Dated:  September 24, 2013