

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Appeals Division*

_____

| | | |
|---|---|---|
| *Glenn J. Moramarco, AUSA* | *401 Market Street, 4th Floor* | *856-968-4863* |
| *glenn.moramarco@usdoj.gov* | *Camden, New Jersey 08101* | |

March 20, 2014

Marcia M. Waldron, Esq.
Clerk, U.S. Court of Appeals
  for the Third Circuit
601 Market Street, Room 21400
Philadelphia, Pa  19106-1790

    Re:    *United States v. Andrew Auernheimer,* Dkt. No. 13-1816
              Letter Pursuant to Fed. R. App. P. 28(j)
              (Oral Argument held March 19, 2014 before Judges Chagares,
              Greenaway and Vanaskie)

Dear Ms. Waldron:

    These cases bear on yesterday's harmless error issues.

    Harmless error review applies to "*all* errors where a proper objection is made at trial" except a limited class of fundamental constitutional errors that defy harmless error analysis. *United States v. Neder,* 527 U.S. 1, 7 (1999). *See also United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-51 & n.4 (2006) (distinguishing between "structural errors" and "trial errors"). Although language in *Gonzalez-Lopez* might suggest that conducting a trial in the wrong venue could be structural error, insofar as it affects the framework within which the trial proceeds, the Supreme Court has never so held. In fact, misjoinder of claims for trial is subject to harmless error analysis even though that kind of error also affects the framework of the entire trial. *United States v. Lane*, 474 U.S. 438, 44-48 & n.11 (1986).

    Additionally, the defendant in *United States v. Nash*, 175 F.3d 440 (6th Cir. 1999), had the right under 28 U.S.C. § 3004(b)(2) to transfer venue over a writ of garnishment to his district of residence. The district court nonetheless denied the

defendant's timely request. The Sixth Circuit held that to be harmless error under Rule 52(a). The defendant suffered no financial hardship, and "the substantive outcome would have been the same even if the transfer of venue had been granted." *Nash*, 175 F.3d at 443-44. Importantly, § 3004 — like the venue statute here — did not specify any remedy for violations. *Contrast Zedner v. United States*, 547 U.S. 489, 507-08 (2006) (finding "an implied repeal of Rule 52" where the statute was "unequivocal" about remedy for violations).

Finally, *United States v. Robinson*, 167 F.3d 824, 829 (3d Cir. 1999), holds that objections to venue are waived if not raised in a timely manner. While there was no such waiver here, *Robinson* undermines any suggestion that the mere filing of a motion to dismiss on venue grounds suffices to show that a venue error is not harmless. Failure to object results in waiver, and claims are not subject to harmless error analysis at all unless they are first properly preserved for appellate review.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney


*/s Glenn J. Moramarco*
Glenn J. Moramarco
Assistant United States Attorney