Law Office of Orin S. Kerr, Esq.
2000 H Street, NW
Washington DC 20052
(202) 994-4775

March 25, 2014

Marcia M. Waldron, Esq.
Clerk, United States Court Of Appeals For The Third Circuit
601 Market Street
Philadelphia, PA 19106-1790

**Re:  United States v. Auernheimer, No. 13-1816
Oral argument held March 19, 2014, before Judges Chagares,
Greenaway and Vanaskie**

Ms. Waldron:

Auernheimer hereby responds to the government's Rule 28(j) letter:

Failure to establish venue is not subject to harmless error review. *See* Reply Brief at 28; LaFave, Criminal Procedure 16.1(g) (3d ed. 2012); *United States v. Passodelis*, 615 F.2d 975, 979 (3d Cir. 1980) ("Reluctant as we are to overturn otherwise valid convictions," failure to prove venue "leave us no choice."). The government cites no authority that even hints to the contrary. And no wonder: Harmless error doctrine asks whether an error affected the jury's verdict, while venue is a constitutional right not to be tried at all where venue is absent. Further, no one can know if prosecutors elsewhere would have charged this case, how, with what result, and with what sentence.

The government's failure to establish venue leaves the court two options: it may order an acquittal or else vacate the convictions, "as may be just under the circumstances." 28 U.S.C. § 2106. *See generally Burks v. United States*, 437 U.S. 1, 17-18 (1978). Acquittal is the routine post-verdict remedy for failure to prove venue. *See United States v. Strain*, 407 F.3d 379, 380 (5th Cir. 2005) (per curiam). Acquittal is the only just remedy here. Auernheimer is presently incarcerated and already has spent over one year in prison for conduct that is not even a crime. It would be outrageous if another prosecutor could try the same unwarranted charges elsewhere.

Indeed, if the court holds that venue is improper but that the just remedy is only to vacate the convictions, the court must nonetheless enter rulings on all valid sufficiency challenges to ensure that Auernheimer cannot be charged a second time based on insufficient evidence. *See United States v. McKee*, 506 F.3d 225, 232 (3d. Cir. 2007) (reaching the sufficiency issue after already granting a new trial "to avoid a violation of the Double Jeopardy clause"); *United States v. Resko*, 3 F.3d 684, 686, 695 n.11 (3d Cir.

1993) (same). The court can avoid deciding the sufficiency of the evidence only by exercising its discretion under 28 U.S.C. § 2106 to order acquittal for the venue error.

          Respectfully submitted,

          /s/ *Orin S. Kerr*

          Orin S. Kerr
          2000 H Street, N.W.
          Washington, DC 20052

          Hanni M. Fakhoury
          ELECTRONIC FRONTIER
          FOUNDATION
          815 Eddy Street
          San Francisco, CA 94109

          Marcia C. Hofmann
          LAW OFFICE OF
          MARCIA C. HOFMANN
          25 Taylor Street
          San Francisco, CA 94102

          Tor B. Ekeland
          Mark H. Jaffe
          TOR EKELAND, P.C.
          155 Water Street
          Brooklyn, NY 11201

          *Attorneys for Appellant Andrew Auernheimer*